UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOBACCO OUTLET EXPRESS, LLC, et al., | ) | CASE NO. 4:12CV2095 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. DEPARTMENT OF TREASURY, | ) | **MEMORANDUM OPINION** |
| ALCOHOL AND TOBACCO TAX AND | ) | **AND ORDER** |
| TRADE BUREAU, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## I. INTRODUCTION

On August 14, 2012, Tobacco Outlet Express, LLC and Freedom Filler, LLC ("plaintiffs") filed a complaint against the United States Department of Treasury, Alcohol and Tobacco Tax and Trade Bureau ("TTB"), and TTB's administrator, John J. Manfreda. The complaint alleges that Section 100122 ("the Amendment") of the Moving Ahead for Progress in the 21st Century Act, Pub. L. No. 112-141 ("the MAP-21 Act"), violates the equal protection clause and the takings clause of the Constitution by subjecting "small retailers . . . to unprecedented and unachievable regulatory burdens." (Verified Complaint [hereafter "Compl."] ¶ 2.)[1] "This Amendment purports to regulate all retailers who offer in-store access to 'roll-your-

---

[1] Section 100122 amends 26 U.S.C. § 5702(d), which defines "manufacturer of tobacco products." Section 5702(d) subjects such manufacturers to federal laws, including permitting requirements and tax liability. Prior to the amendment, these laws applied only to commercial cigarette manufacturers and expressly exempted cigarettes made by consumers for their own personal use. The Amendment provides, in relevant part, that "manufacturer of tobacco products"

> shall include any person who for commercial purposes makes available for consumer use (including such consumer's personal consumption or use . . .) a machine capable of making cigarettes, cigars, or other tobacco products.

own' cigarette equipment of any kind as 'manufacturer[s] of tobacco products' under 26 U.S.C. § 5702(d)." (*Id.* ¶ 23.) "By this lawsuit, Plaintiffs seek to enjoin enforcement of [Section 100122], both preliminarily and permanently." (*Id.* ¶ 8.)[2]

On August 21, 2012, following the Sixth Circuit's issuance of its opinion in *RYO Machine, LLC v. U.S. Dep't of Treasury*, 696 F.3d 467 (6th Cir. 2012),[3] the Court *sua sponte* directed the parties to file briefs addressing two jurisdictional issues: standing (since plaintiffs do not claim to be retailers subject to the terms of the Amendment) and applicability of the Anti-Injunction Act, 26 U.S.C. § 7421(a) (which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."). The parties have filed their briefs (Doc. Nos. 21, 22) and responses (Doc. Nos. 23, 24). The matter is ripe for determination.

For the reasons set forth below, this case is **DISMISSED**.

## II. DISCUSSION

A.  **Allegations in the Complaint**

For purposes of this ruling, the following allegations in the complaint are taken as true.[4]

---

[2] Plaintiffs also filed a motion for temporary restraining order and preliminary injunction. (Doc. No. 2.) Following two telephone conferences with counsel, plaintiffs advised the Court that, in light of an agreement reached with defendants, they would be withdrawing that motion. Plaintiffs' motion to withdraw was subsequently filed and was granted without prejudice to renewal should TTB begin enforcing the amendment. (*See* Doc. No. 20.)

[3] The opinion was originally issued as an unpublished opinion; on or about September 19, 2012, the court designated it for full-text publication, retaining the filing date of August 20, 2012. On September 18, 2012, plaintiff/appellee filed a petition for en banc rehearing, which the Sixth Circuit denied on October 26, 2012. On November 6, 2012, the mandate issued. Therefore, *RYO Machine* is now controlling precedent for this Court.

[4] The dismissal herein is essentially on the Court's own motion. Factual allegations in the complaint are taken as true for purposes of motions to dismiss, which, as here, are dealt with at the pleadings stage. *Glenn v. Holder*, 690 F.3d 417, 420 (6th Cir. 2012) (citing *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010)).

Plaintiff Freedom Filler is a manufacturer of roll-your-own cigarette machines. (Compl. ¶ 14.) Its revenues come exclusively from sales of the machines and from royalties and other charges associated with use of the machines. (*Id*.) Plaintiff Tobacco Outlet Express is a distributor of an in-store cigarette-rolling machine known as the "RYO Filling Station." (*Id*. ¶ 12.) Its revenues come exclusively from fees paid by its retailers for use of the RYO Filling Stations, from fees for service, technical support and training associated with the machines, and from sales of tobacco and cigarette tubes used in the machines. (*Id*. ¶ 13.)

Neither plaintiff claims to be a retailer subject to the Amendment. They challenge the Amendment because, by regulating retailers in an allegedly burdensome way, the Amendment will "eliminat[e] [p]laintiffs' source of business." (*Id.* ¶ 37.) They allege that "[t]he only market for [their] machines is at the retail level, but the Amendment functionally prohibits all use of the machines at the retail level. Plaintiffs will thereby lose their customer base and shut down, or at least severely curtail operations." (*Id*. ¶ 41.) "Distributors such as Tobacco Outlet will lose their client base of RYO Filling Station retailers, forcing them to terminate their employees and dramatically reduce operations." (*Id*. ¶ 46.)

Plaintiffs assert that the Amendment violates the equal protection clause because it is "irrational to subject . . . retailers, who simply offer a service and do not manufacture pre-packaged cigarettes, to the same extensive regulations imposed on large-scale manufacturers." (*Id*. ¶ 57.) The Amendment also allegedly violates the takings clause as follows: "Because retailers cannot obtain the required permits, retailers will not buy the machines, and [p]laintiffs will have no market for them." (*Id*. ¶ 63.) Thus, the Amendment "renders [p]laintiffs' business of selling the machines, and the machines themselves, worthless." (*Id*.)

B.  **Anti-Injunction Act**

The Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." "This language prevents courts from asserting jurisdiction over such cases unless they fall into one of two narrow exceptions to the AIA." *RYO Machine*, 696 F.3d at 471.

In *RYO Machine*, the district court had granted a preliminary injunction to plaintiffs RYO Machine (a manufacturer and retailer of roll-your-own cigarette machines) and Tobacco Outlet Express[5] (a distributor of the RYO machines and products related to their use), concluding that the two companies fit into the exception to the AIA created by the Supreme Court in *South Carolina v. Regan*, 465 U.S. 367, 378 (1984) ("Congress did not intend the Act to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy.").[6] TTB appealed. The Sixth Circuit Court of Appeals vacated the preliminary injunction and remanded with instructions to dismiss the case for lack of jurisdiction. The court of appeals rejected the argument that the *South Carolina* exception applied, finding "a significant difference from *South Carolina*" because the two companies' interests "are inextricably intertwined with those of the retailers[,]" *RYO Machine*, 696 F.3d at 472, and concluding that "[b]ecause the [c]ompanies' suit is an attempt to impede the assessment of taxes, and because no exception to the AIA applies, the district court should have dismissed this case for lack of jurisdiction." *Id*. at 473.

---

[5] Tobacco Outlet Express is one of the plaintiffs in the instant lawsuit.

[6] The district court dismissed a third plaintiff, Tightwad Tobacco, a retailer of tobacco products and accessories that also operated the RYO machines at its retail locations, concluding that its claims were barred by the Anti-Injunction Act because it had statutory procedures available to contest the constitutionality of the statute and regulations at issue.

In their memorandum responding to this Court's show cause order, plaintiffs argue that *RYO Machine* does not dictate the same outcome here because of a critical distinction in the procedural posture of the two cases. Plaintiffs note that "the Sixth Circuit explained that retailers who offer cigarette rolling machines 'have an incentive to move forward by *obtaining the permit*, paying the excise tax, and then suing for a refund.'" (Memorandum in Response to Show Cause Order, Doc. No. 22 at 423 (emphasis added), quoting *RYO Machine*, 696 F.3d at 472.) Plaintiffs now argue that this assumption that some retailer would be able to obtain a permit from TTB "is contrary to the evidence in the case at bar, which shows that retailers offering the machines *cannot* obtain a tobacco manufacturer's license." *Id*. (emphasis in original) (citing Compl. ¶¶ 37-41.) They assert that "[u]nless and until this Court makes *factual finding* that correspond to the Sixth Circuit's *assumption* in *RYO Machine*, the two cases stand on different footings and the decision in *RYO Machine* does not govern here." *Id*. at 423-24 (emphases in original).

The "evidence" plaintiffs identify is contained in specific allegations in the complaint, which are taken as true for purposes of the present proceedings. Those paragraphs state:

37. Although the Amendment purports to allow retailers to continue offering rentals of the machines, provided they obtain a federal permit to manufacture tobacco products, it is impossible for retailers to obtain the allegedly required permit, thereby eliminating Plaintiffs' source of business.

38. Under 27 C.F.R. §§ 40.69, 40.70 and 40.72, manufacturers of tobacco products are permitted to conduct retail sales; however, the retail operation must be completely separated by walls from the manufacturing operation, which is described in the regulations as the "factory." The factory premises must be used exclusively for manufacturing and storing tobacco products. Retailers do not physically separate, and cannot physically separate, the machines from their retail operations. Retailers cannot use

> their physical premises exclusively for manufacturing and storing tobacco products, as they also conduct retail sales from these premises.
>
> 39. Under 26 U.S.C. § 5723 and 27 C.F.R. §§ 40.211-217, manufacturers of tobacco products are subject to specified packaging and labeling requirements. It is impossible for retailers to comply with these requirements because the machines are not capable of producing packaging in the manner required by the regulations.
>
> 40. Finally, even if retailers could obtain a federal permit, the permit process takes at least ninety days and generally longer. In the interim, retailers will cease use of the machines, resulting in lost sales and royalties for Plaintiffs. If the retailers continue to allow operation of the machines without obtaining the allegedly required permit, they risk criminal prosecution.
>
> 41. The machines have a retail price between $14,000.00 and $35,000.00, with ongoing royalty requirements. The only market for these machines is at the retail level, but the Amendment functionally prohibits all use of the machines at the retail level. Plaintiffs will thereby lose their customer base and shut down, or at least severely curtail operations.

Plaintiffs' argument, however, is to no avail because *RYO Machine* was in essentially the very same procedural posture when it came to the court of appeals. The verified complaint in *RYO Machine* alleged the following:

> 52. Although the TTB Ruling [now the Amendment] purports to allow retailers such as Tightwad Tobacco to continue operating provided they obtain a TTB permit to manufacture tobacco products, TTB's own regulations and federal law make clear that it will be impossible for Tightwad Tobacco and other similarly-situated retailers to obtain the allegedly required permit.
>
> 53. Specifically, under 27 C.F.R. § 40.61 (c), a permit to manufacture tobacco products can be granted only to entities "whose principal business activity" is the manufacture of tobacco products. Tightwad Tobacco's rental of the RYO Filling Stations for consumer use -- the activity that TTB now characterizes as the manufacture of tobacco products -- is not Tightwad Tobacco's principal business activity. Tightwad Tobacco's principal business activity is the retail sale of tobacco products. Accordingly, under 27 C.F.R. § 40.61(c), Tightwad Tobacco would be foreclosed from obtaining a TTB permit.

54. Under 27 C.F.R. §§ 40.69, 40.70 and 40.72, manufacturers of tobacco products are permitted to conduct retail sales; however, the retail operation must be completely separated by walls from the manufacturing operation, which is described by TTB as the "factory." The factory premises must be used exclusively for manufacturing and storing tobacco products. Retailers such as Tightwad Tobacco do not physically separate, and cannot physically separate, the RYO Filling Stations from their retail operations. Retailers such as Tightwad Tobacco cannot use their physical premises exclusively for manufacturing and storing tobacco products, as they also conduct retail sales from these premises.

55. Under 26 U.S.C. § 5723 and 27 C.F.R. §§ 40.211-217, manufacturers of tobacco products are subject to specified packaging and labeling requirements. It is impossible for retailers such as Tightwad Tobacco to comply with these requirements because the RYO Filling Stations are not capable of producing packaging in the manner required by TTB.

56. Finally, even if retailers could obtain a permit from TTB, the permit process takes at least 90 days and generally longer. In the interim, retailers such as Tightwad Tobacco will be forced to cease use of the RYO Filling Station, resulting in lost revenues for the retailers as well as RYO Machine and its authorized distributors such as Tobacco Outlet. If the retailers continue operations without obtaining the allegedly required permit, they risk criminal prosecution. 26 U.S.C. §§ 5712 and 5713 require manufacturers of tobacco products to obtain a TTB permit before manufacturing cigarettes.

These allegations in the verified complaint of *RYO Machine* asserted virtually the same "impossibility" theory as is asserted here; yet the court of appeals did not remand to the district court for fact-findings. The court remanded with directions to dismiss for lack of subject matter jurisdiction based on the AIA.[7]

---

[7] The Sixth Circuit also extended its holding to anticipated claims, which would raise, as here, "serious questions about the constitutionality of the new legislation . . . involv[ing] the equal protection aspect of the Due Process Clause and/or the Takings Clause." *RYO Machine*, 696 F.3d at 470, n. 2, quoting Appellant Ltr. Br. 2. The court of appeals concluded: "To the extent the Companies raise a question before this Court as to the constitutionality of the [MAP-21] Act, such a claim preemptively challenging the validity of a tax is barred by the Anti–Injunction Act, just as the Companies' claim with regard to the Ruling [i.e., the Amendment] is barred[.]" *Id*. (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37, 749 (1974)).

There is no principled way to distinguish *RYO Machine* from the instant case.[8] Accordingly, based on *RYO Machine*, this Court concludes that the Anti-Injunction Act precludes the exercise of jurisdiction over plaintiffs' claims, which must be dismissed.

**C.     Standing**

This Court also asked the parties to address the question of standing. "A federal district court's subject matter jurisdiction is limited by Article III of the U.S. Constitution to actual cases or controversies. U.S. Const. Art. III, §2. One element of the case or controversy requirement is that the plaintiff must establish it has standing to sue." *Ellias v. Phoenix Life Ins. Co.,* No. 11-2181, 2012 WL 4490789, at * 5 (6th Cir. Oct. 1, 2012) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). "[S]tanding is 'the threshold question in every federal case.'" *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)). "The 'well established' law of Article III standing requires a plaintiff to 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.* (quoting *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 598 (2007)).

In light of the determination that this action is barred by the AIA, the Court has no subject matter jurisdiction and need not address the question of standing. Even the Sixth Circuit noted the same. *RYO Machine*, 696 F.3d at 473, n. 3.

---

[8] Plaintiffs, in their reply memorandum, also argue that the Sixth Circuit's decision "rests heavily on the fact that a specific, identifiable retailer, Tightwad, was formerly a plaintiff in that case and, thus, solved the problem of "find[ing] an elusive third-party challenger." (Doc. No. 24 at 458, quoting *RYO Machine*, 696 F.3d at 472.) They claim this distinguishes the instant case, which has no retailer among the parties-plaintiff. This argument is not strong enough to overcome the force of the AIA. In addition, as already noted, plaintiff Tobacco Outlet is a party here and was a party in *RYO Machine*. Therefore, it is not in the position of having "to *find* an elusive third-party challenger[.]" *Id.* (emphasis added). Tobacco Outlet is already quite familiar with a potential third-party challenger, i.e., Tightwad.

8

### III. CONCLUSION

For the reasons set forth herein, and in reliance on *RYO Machine, LLC v. U.S. Dep't of Treasury*, 696 F.3d 467 (6th Cir. 2012), this case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: December 28, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**